UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,
an Illinois corporation,

        Plaintiff,

vs.

Case No. 08-CV-10575
HON. GEORGE CARAM STEEH

ZIGMOND CHIROPRACTIC, P.C.
a Michigan corporation,
QV MEDICAL, P.C.,
a Michigan corporation,
NEUROSCIENCE, P.C.,
a Michigan corporation,
BORIS ZIGMOND, RIZWAN QADIR, and
QUY VINH,

        Defendants.

_____/

ORDER DISMISSING CLAIMS FOR LACK OF FEDERAL SUBJECT MATTER
JURISDICTION ON FAILURE TO SHOW CAUSE (# 10)

On March 17, 2007, plaintiff State Farm was ordered to show cause by March 26, 2008 why this matter should not be dismissed: (1) for lack of complete diversity as required for jurisdiction under 28 U.S.C. § 1332; (2) for lack of the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332; or (3) under the Colorado River abstention doctrine. State Farm filed a timely response on March 26, 2006, and filed a separate motion for leave to file an amended complaint consistent with its response to the show cause order.

**I. Complete Diversity**

State Farm, an Illinois corporation, has affirmatively set forth its own principal place

of business (Illinois), and the principal places of business of Michigan corporations defendants Zigmond Chiropractic, P.C. (Michigan), QV Medical, P.C. (Michigan), and Neuroscience, P.C. (Michigan). State Farm had previously alleged that defendants Boris Zigmond and Quy Vinh are Florida residents, and that defendant Rizwan Qadir is a Michigan resident. State Farm has shown there is requisite complete diversity. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

## II. $75,000.00 Jurisdictional Requirement

Where, as here, the plaintiff sues two or more defendants in a diversity case, the $75,000.00 amount in controversy requirement must be met against each defendant unless the defendants are jointly liable. First Transit, Inc. v. City of Racine, 359 F.Supp.2d 782, 785 (E.D. Wis. 2005) (citing Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc., 250 F.3rd 1077, 1081 (7th Cir. 2001). Consistent with this rule against aggregating damages among defendants that are not jointly liable, one federal district court has held that claims of motor vehicle insureds arising from the same accident cannot be aggregated by the insurer in a declaratory action to meet the jurisdictional amount of § 1332. Travelers Indemnity Co. of Illinois, No. 94-CV-1675, 1994 WL 384722, *3 (E.D. Penn. July 19, 1994). Even when involved in the same motor vehicle accident, the claims of individual insureds cannot be aggregated by the insurer to reach the $75,000.00 jurisdictional requirement of § 1332. Id. As the court explained in the show cause order:

> Here, State Farm has aggregated claims alleged by the defendants in ten state court actions on behalf of separate State Farm insureds, or "injured parties." State Farm has not alleged that any one of the individual "injured party's" allegedly fraudulent claims for PIP benefits exceeds the $75,000.00 federal jurisdictional amount. State Farm has not removed any one state court lawsuit to federal court on the basis that a particular "injured party's" claim for benefits exceeds the $75,000.00 threshold. Count VI seeking

> declaratory relief in the amount of $430,182.74 appears to aggregate benefit claims made by numerous unrelated "injured parties."

March 17, 2007 Show Cause Order, at 4.

In attempting to show cause, State Farm argues its proposed amended complaint now clarifies that all of the defendants acted in concert with one another to defraud State Farm using a systematic scheme involving 23 individual State Farm insureds, and therefore the claims against each defendant may be aggregated because the defendants are jointly liable. State Farm asserts that the rule set forth in <u>Travelers Indemnity</u> is inapplicable because the claims alleged here are joint rather than several.

The import of the rule recognized in <u>Travelers Indemnity</u> is that an insurer cannot aggregate the claims of individual insureds to reach the $75,000.00 jurisdictional amount. As conveyed in both the initial and proposed amended complaints, State Farm is aggregating the Michigan no-fault claims of 23 individual insureds, claims that are currently being litigated in ten separate state court lawsuits filed by the instant defendant no-fault service providers against State Farm. State Farm has not alleged a specific amount in controversy relative to any one individual insured, let alone the amount in controversy in any one particular state court lawsuit. State Farm has not shown that any one of the ten state court lawsuits would be subject to federal removal jurisdiction, and even if one were subject to removal jurisdiction, each lawsuit would need its own separate $75,000.00 basis for removal. Simply asserting that the defendants are jointly and severally liable does not establish that the defendants' liability with respect to one particular insured's claims exceeds the $75,000.00 jurisdictional amount. <u>Travelers Indemnity</u>, 1994 WL 384722, at *3. State Farm has failed to show cause why its claims should not be dismissed for lack

of the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332.

### III. Abstention

State Farm does not dispute that the Colorado River doctrine authorizes a federal court to abstain from exercising jurisdiction where considerations of judicial economy and federal-state comity justify abstention. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Once it is determined that the state and federal proceedings are parallel proceedings, the court should consider several factors in deciding whether to abstain: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the plaintiff's federal rights; (7) the relative progress of the two proceedings; and (8) the presence or absence of concurrent jurisdiction. Romine v. Compuserve Corp., 160 F.3d 337, 340-41 (6th Cir. 1998).

State Farm's initial complaint, amended complaint, and arguments on attempting to show cause establish that the ten pending state court lawsuits are expressly parallel proceedings to this federal lawsuit. State Farm seeks to combine the ten separate state court lawsuits involving 23 separate insureds into one federal lawsuit. State Farm's argument that it is pursuing additional claims in this lawsuit that are not raised in the state court lawsuits is unpersuasive, particularly considering the absence of allegations that State Farm moved without success in any one of the state court proceedings to file the instant claims as counterclaims. See M.C.R. 2.203(E) (providing that "[i]f a motion to amend to state a counterclaim or cross-claim is denied, the litigation of that claim in another action

is not precluded unless the court specifies otherwise"); Salem Industries, Inc. v. Mooney Process Equip. Co., 175 Mich. App. 213, 215-216, 437 N.W.2d 641 (1989) (citing M.C.R. 2.203(E) and holding that a counterclaim arising out of the same transaction or occurrence as the principal action must be joined in one action or else it is barred, unless leave to amend to file a counterclaim is denied and the denial does not expressly bar a separate action). Factors such as the order in which jurisdiction was first obtained in the state courts, the Michigan source of governing law, the adequacy of the state court actions to entertain State Farm's affirmative defenses and counterclaims of fraud, and the progress of the ten proceedings in the state courts as compared to this lawsuit, State Farm has failed to show cause why this court should not abstain from exercising federal jurisdiction pursuant to the Colorado River doctrine.

## IV. Conclusion

For the reasons set forth above, State Farm's claims are hereby DISMISSED without prejudice on failure to show cause why this matter should not be dismissed for lack of federal subject matter jurisdiction.

SO ORDERED.

Dated: April 3, 2008

                                    s/George Caram Steeh  
                                    GEORGE CARAM STEEH  
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 3, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Deputy Clerk